Lucey ADA Discrimination and Retaliation Complaint against Widener University

William J. Nealon Federal Building & U.S. Courthouse,
235 N. Washington Avenue
Scranton, PA 18501-1148

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MADISON ROSE LUCEY,
    Plaintiff,

v.

WIDENER UNIVERSITY
COMMONWEALTH LAW SCHOOL,
    Defendants.

-------------------------------------------/

Civ. No. To be assigned by clerk.

3. 25. CV- 01707.

**Lucey ADA Discrimination and Retaliation Complaint against Widener University**

**The Parties**

**Plaintiff**

Name Madison Rose Lucey

Street Address 244 Sunrise Drive

City and County Milford Pike

State and Zip Code  PA 18337

Telephone Number (570) 982-7180

E-mail Address madisonchaitlucey@proton.me

FILED
HARRISBURG, PA

SEP 1 2 2025

PER _____
DEPUTY CLERK

**Defendant**

Name Widener University Commonwealth Law School

Street Address 3800 Vartan Way

City and County Harrisburg Dauphin

State and Zip Code  PA 17110

Telephone Number (717) 541-3900

E-mail Address facultycwlaw@widener.edu

Lucey ADA Discrimination and Retaliation Complaint against Widener University

## Table of Contents

Table of Authorities
Jurisdictional Statement
Statement of the Issues
Statement of the Case
Statement of the Facts
Summary of Argument.
Argument
I. Widener received federal funding and then discriminated against Lucey because of her disability; thus, violating Title III of the ADA and the Rehabilitation Act.
 A. Widener's denial of Lucey's reasonable accommodation constitutes a violation under the ADA and the Rehabilitation Act.
 B. Widener additionally discriminated against Lucey when it imposed discriminatory eligibility criteria (being similar to an "obviousness" of the disability) as a prerequisite for receiving disability accommodations.
II. Widener disregarded a strong likelihood that its actions would result in violating Lucey's federally protected disability rights; therefore, Lucey should receive compensatory damages for Widener's violations in order to deter future violations.
III. Widener's discrimination resulted in screening me out from fully and equally enjoying the school services.
IV. Widener Retaliated Against Lucey
Conclusion
Cert. of Compliance.

## Authorities

[1] Giterman v. Pocono Med. Ctr., 361 F. Supp. 3d 392, 408 (M.D. Pa. 2019) (quoting

Berardelli v. Allied Servs. Inst. of Rehab. Med., 900 F.3d 104, 115 (3d Cir. 2018)) (requires federally

funded private universities to make reasonable modifications for disabled individuals).

[2] Delano-Pyle v. Victoria Cty., 302 F.3d 567, 574 (5th Cir. 2002) (quoting 42 U.S.C. § 12133).

(explaining that the procedures and rights available under the Rehabilitation Act are the same as those

available under the ADA.)

Lucey ADA Discrimination and Retaliation Complaint against Widener University

[3] Cadena v. El Paso Cty., 946 F.3d 717, 723 (5th Cir. 2020) (internal citation omitted). (explaining the Rehabilitation Act and the ADA are also parallel when it comes to the outcomes in court cases).

[4] Giterman v. Pocono Med. Ctr., 361 F. Supp. 3d 392 (M.D. Pa. 2019) (internal citation omitted). (explaining liability standards under the Rehabilitation Act and the ADA are the same) ().

[5] Breanne C. v. S. York County Sch. Dist., 665 F. Supp. 2d 504, 510 (M.D. Pa. 2009) (quoting A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 804 (3d Cir. 2007)). (remedies for violations of the Rehabilitation Act).

[6] 42 U.S.C. § 12181(7)(J); 29 U.S.C. § 794(b)(2)(A); (private universities that receive federal funding are required to provide reasonable accommodations to disabled individuals).

[7] Gorman v. Bartch, 152 F.3d 907, 912 (8th Cir. 1998); 42 U.S.C. § 12133.

[8] Dudley v. Hannaford Bros. Co., 333 F.3d 299, 309 (1st Cir. 2003). (explaining that an "obviousness" test for disability accommodations is discriminatory).

## Exhibits

Exh. A. Widener imposed discriminatory eligibility criteria.pdf (showing Widener demanding an ICD-10 diagnosis as a prerequisite to being given a physical disability accommodation).

Exh. B. Doctor Letter requesting accommodation.pdf

Exh. C. Mar. 24 Brandes Informed Disability Accommodation Request.pdf

Exh. D. Widener Disability Dep't Denied Accommodation.pdf (on April 2, 2025).

Exh. E. Vice Provost Deny Appeal for Accommodation.pdf

Lucey ADA Discrimination and Retaliation Complaint against Widener University

Exh. F. Requesting Widener Provide Disability Accommodation.pdf

## Jurisdictional Statement

Plaintiff's suit is for failure to accommodate, as disability discrimination, in violation of the Americans with Disabilities Act [hereinafter ADA], 42 U.S.C. § 12182(a), and Section 504 of the Rehabilitation Act, 29 U.S.C. 794. This federal question action is brought in the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1331, which states that "district courts shall have original jurisdiction of all civil actions arising under the.. laws.. of the United States." In accordance with US laws, [6], private universities that receive federal funding may not discriminate against disabled individuals; and a university receiving student loan money constitutes receiving federal funding. United States DOT v. Paralyzed Veterans of Am., 477 U.S. 597, 606-607 (1986).

## Statement of the Issues

I. Did Widener receive federal funding and then discriminate against Lucey because of her disability? thus, violating Title III of the ADA and the Rehabilitation Act?

    A. Does Widener's denial of Lucey's reasonable accommodation constitute a violation under the ADA and the Rehabilitation Act?

    B. Did Widener additionally discriminate against Lucey when it imposed discriminatory eligibility criteria (being similar to an "obviousness" of the disability) as a pre-requisite f or receiving disability accommodations?

II. Did Widener disregard a strong likelihood that its actions would result in violating Lucey's federally protected disability rights? therefore, Lucey should receive compensatory damages for Widener's violations in order to deter future violations.

III. Did Widener's discrimination result in screening Lucey out from fully and equally enjoying the school services?

IV. Did Widener retaliate against Lucey?

Lucey ADA Discrimination and Retaliation Complaint against Widener University

## Statement of the Case

On September 12, 2025, Plaintiff Madison Rose Lucey, MS, filed this action for failure to accommodate as disability discrimination against Defendant Widener University Commonwealth Law School. This is in the United States District Court for the Middle District of Pennsylvania. Defendant Widener deprived Lucey of her federally protected right, under the ADA and the Rehabilitation Act, to a reasonable accommodation and discriminated against Lucey. Lucey sought relief.

## Statement of the Facts

Starting January 2025, Widener reassigned me to a new, then adjunct professor, Randall Brandes, who was teaching the Legal Methods II class for the first time.

On March 24, 2025, I requested a reasonable disability accommodation and I provided Professor Brandes with a letter from my doctor, Exh. B. and C, and the Widener disability department. Exh. F. Originally, the homework for the class was due on April 5, 2025. Doctor DiMaggio's accommodation request was for a two-week extension, so that the new date would be April 19, 2025. Exh. B. Widener received my doctor's letter that requested for me to have extra time (2 weeks) to complete my work for my Legal Methods II final paper/project. My doctor's letter clearly stated that I am physically disabled, and work is a qualified limitation under the ADA. Professor Randall Brandes retaliated.

Widener's Disability Dep't knew that its failure to provide my accommodation caused a substantial likelihood that my federal rights would be violated. Widener knew this because I emailed them on March 27, 2025, stating in part that "I attached the documentation from my medical practitioner on his letterhead and signed twice. The documentation includes that I am a disabled individual, I am under his care, and receiving treatment, and I need a reasonable accommodation of a

Lucey ADA Discrimination and Retaliation Complaint against Widener University

two-week extension on my final paper/task Appellate Brief for Legal Methods 2." Exh. F. at 2-3. My doctor provided a plain english letter, Exh. B, that detailed my disability needs. When Widener's Disability Dep't declared an ICD-10 diagnosis as a requirement for ADA accommodations, I replied, "I reiterate that the ADA requirement does not mandate what you requested. Please do not confuse and commingle ADA law and Widener policy because they are not one and the same. ADA law does not require that I submit to you a functional assessment exam either in writing or in person. ADA law does not require that I hand over my HIPAA-protected data. I met the threshold on my side. I understand that, if you deny my doctor's request, we will engage in an interactive process. That may include the professor and the Office of Disability Rights to review the reason for the denial and what alternatives can be offered by Widener to me. Please either approve or deny my doctor's ADA request at this time. Time is of the essence since the paper is due April 5, 2025." Exh. F. at 4-5. The detailed letters from both myself and my doctor to Widener's Disability Dep't served to inform Widener of a substantial likelihood that my federal rights would be violated if Widener fails to grant my doctor's accommodation request.

On April 2, Lucey participated in a video call meeting with Widener's disability department. Widener then denied the accommodation later that evening, Exh. D, imposing discriminatory eligibility criteria that the student provide an "ICD-10 diagnosis." Exh. A.

Prior to filing this complaint, Lucey attempted other procedural remedies. Lucey appealed Widener's denial of the accommodation request on April 9, 2025, to the Provost, Andrew Workman, and Vice Provost, Mark A. Nicosia. Exh. E. On April 11, the appeal was denied again. This time for the reason being that the school gets to "determine[] the necessity and scope of an accommodation." Exh. E. That is misleading because there was no accommodation given. Then as a second procedural avenue,

Lucey ADA Discrimination and Retaliation Complaint against Widener University

Lucey filed an OCR complaint on March 28, 2025, and on April 1, 2025 informed Professor Brandes, Dean Teplitz, and Professor Sholtis of such. The OCR has not responded with any interventions as of yet.

On June 4, I was penalized for academic issues stemming from an unaccommodated disability. I now face extra costs in career and financial fallout from delayed graduation. On June 12, 2025, I was further penalized in feedback from the, then adjunct, Professor Brandes describing my unaccommodated work as "unprofessional." As explained under point heading III, these events screen me out as a disabled person from fully and equally enjoying the services provided at Widener. Widener then promoted Professor Randall Brandes to no longer be adjunct.

### Summary of Argument.

This Court should hold that Widener is liable for disability discrimination and retaliation in violation of Title III of the ADA (42 U.S.C. § 12181(7)(J)) and Section 504 of the Rehabilitation Act (29 U.S.C. 794). Title III of the ADA extends to Widener because Widener operates a place of public accommodation, being the law school. In addition, § 504 extends to Widener because it receives federal funding through student loan money. Widener discriminated against Lucey because of her disability when it denied her reasonable disability accommodation.

Widener discriminated against Lucey on the basis of her disability because it denied her reasonable accommodation of an extra two-weeks on the paper due, and instead demanded Lucey provide an ICD-10 diagnosis, as discriminatory eligibility criteria. Exh. A. The entire Exh. A. from Defendant Widener regarding "Supporting Documentation" is the school's attempt to obtain a person's diagnosis, symptoms, and limitations so that Widener University can determine if a person is disabled

Lucey ADA Discrimination and Retaliation Complaint against Widener University

and, if so, what accommodations they need. My doctor answered all of those questions with one letter

on his letterhead. Exh. B. He stated that I have been disabled and that I am disabled from an injury. He

clearly stated the accommodation that I needed was more time and he was specific to even state what

class and how long. He stated that the limitation that I have and needed the accommodation for was

needing more time to complete my school work due to my physical disability. Since this entire Exh. A.,

paper is an attempt from Widener to figure out the answers to those things that were written in my

doctors letter there was no reason for the school to deny my reasonable accommodation request and

then I appealed and that was denied. An additional wrong doing that transpired under the ADA is that if

the school cannot provide me with the requested accommodation they had a responsibility to offer

something else in place of it that might assist me with my disability of needing more time and that

never happened showing their indifference to my entire disability and needs.

## Argument

The Middle District Court of Pennsylvania should hold that Lucey prevails against Defendant

Widener et al because Lucey's disability rights are protected under Title III of the ADA and Section 504

of the Rehabilitation Act. To affirm a grant of summary judgment, courts determine if "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" and

the facts are viewed "in the light most favorable to the non-moving party and [draw] all reasonable

inferences in that party's favor." Canada v. Samuel Grossi & Sons, Inc., 49 F.4th 340, 345 (3d. Cir

2022).

The general rule on disability discrimination under the ADA and Rehabilitation Act is that

protection is for: (1) physically disabled individuals, (2) by a private university, (3) who is receiving

federal funding, and (4) discriminated against, and it's based on disability. 42 U.S.C. § 12182(a).

Lucey ADA Discrimination and Retaliation Complaint against Widener University

In this case, all elements are met. First, physically disabled is met. To constitute a physical disability, the plaintiff has a physical impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(1)(A). Major life activities include "walking... standing,.. reading... and working" § 12102(2)(A), and operating a major bodily function such as bowels. § 12102(2)(B). I am physically disabled because **CONFIDENTIAL START:** I have a physical condition that resulted from an injury whereby I have difficulty with walking, sitting, and standing and my physical disability results in the limitation of my needing extra time for reading and working. Exh. B. **CONFIDENTIAL END.** My medical condition has lasted over a year and is expected to be ongoing for over a year. For this condition, I receive regular treatment from my doctor. Second, Widener is a private law school, and, third, Widener receives federal student loan money. Therefore, Widener is prohibited from discriminating against individuals with disabilities. The only dispute is whether Widener indeed discriminated and retaliated based on Lucey's disability.

## I. Widener received federal funding and then discriminated against Lucey because of her disability; thus, violating Title III of the ADA and the Rehabilitation Act.

Private universities that receive federal funding are required to make reasonable accommodations for disabled individuals, § 794(b)(2)(A), when the university knows the disabled individual has physical limitations. 28 CFR 41.53; [1]. Accommodations are required unless the Defendant can demonstrate the accommodation is an undue hardship to the operation of its program. 28 CFR 41.53. The procedures and rights available under the Rehabilitation Act parallel those under the ADA, [2] and "[j]urisprudence interpreting either section is applicable to both." [3]. "[T]he substantive standards for determining liability under the Rehabilitation Act and the ADA are the same." [4] at 408.

Lucey ADA Discrimination and Retaliation Complaint against Widener University

The remedies available under the Rehabilitation Act include compensatory damages, injunctive relief, and other forms of relief traditionally available in breach of contract suits. [5].

## A. Widener's denial of Lucey's reasonable accommodation constitutes a violation under the ADA and the Rehabilitation Act.

Under Title III of the ADA and Section 504 of the Rehabilitation Act, refusing to make reasonable policy modifications that are necessary for disabled individuals qualifies as disability discrimination. 42 U.S.C. § 12182(b)(2)(A)(ii); 29 U.S.C. § 794. Widener discriminated against me when it refused to modify the home work due date after my doctor requested a two-week extension. Exh. D. and E. I am physically disabled and, as my doctor explained in his letter, my disability caused me to need more time to complete my home work assignment. Exh. B. The modification was necessary to afford me with full and equal enjoyment of Widener's educational services; its denial interfered with my full and equal enjoyment and resulted in advantages to the non-disabled students as explained under point heading III.

## B. Widener additionally discriminated against Lucey when it imposed discriminatory eligibility criteria (being similar to an "obviousness" of the disability) as a pre-requisite for recieving disability accommodations.

In the alternative, even if Widener did not fail to accommodate, Widener still discriminated because it imposed discriminatory eligibility criteria. An eligibility criteria is discriminatory when it results in screening out a disabled individual from fully and equally enjoying the school services. 42 U.S.C. § 12182(b)(2)(A)(i). Alternatively, to constitute non-discriminatory criteria, such criteria must be "necessary" in order to provide the service. Id.

Widener Disability Dep't Ross discriminated against me by imposing discriminatory eligibility criteria of an "ICD-10 diagnosis," as a pre-requisite for my receiving a disability accommodation.

Lucey ADA Discrimination and Retaliation Complaint against Widener University

Defendant Widener requiring an ICD-10 diagnosis to obtain an accommodation is similar to Widener requiring an "obviousness" test of the disability. An ICD-10 diagnosis and an "obviousness" test are similar because they both go above and beyond the standard ADA requirements. Given that they are similar, and "obviousness" tests are generally considered discriminatory eligibility criteria, [8], this Court should hold that requiring an ICD-10 diagnoisis is also considered discriminatory eligiblity criteria. If universities are not allowed to require disabled individuals to make their disability "obvious" then universities should similarly not be allowed to require disabled individuals to make their diagnosis known.

Widener's Disability Dep't Ross having imposed the extra "diagnosis" requirement resulted in screening me out from fully and equally enjoying the school services because she used that discriminatory criteria to deny my reasonable accommodation request. Point heading III explains how the faux eligiblity criteria resulted continuing to screen me out from fully and equally enjoying the school services.

In the alternative, even if this Court were to hold that providing a diagnosis is a requirement to receive a disability accommodation, Lucey would still prevail that Widener discriminated because I was formally diagnosed by my doctor with a diagnosis; and I would have provided it had I been told that was outcome determinative. Instead, Widener operated with a lack of good faith because Ross never told me in the beginning that if I do not provide my diagnosis that she would not accommodate me.

Lucey ADA Discrimination and Retaliation Complaint against Widener University

**II. Widener disregarded a strong likelihood that its actions would result in violating Lucey's federally protected disability rights; therefore, Lucey should receive compensatory damages for Widener's violations in order to deter future violations.**

When discrimination is intentional, such as with a showing of deliberate indifference, then compensatory damages are an avenue for relief. D.E. v. Cent. Dauphin Sch. Dist., 765 F.3d 260, 269 (3d Cir. 2014). The purpose of compensatory damages is that federally funded private schools ought to be held liable when they discriminate against disabled individuals. If the Court values protecting disability rights, like I do, then it should hold in my favor. Because private universities are motivated by money, this Court holding defendants liable would, as a consequence, make them want to improve their future treatment of disabled individuals. Widener can change its behavior. Once this Court makes it so that Widener wants to change its behavior then it will. If this Court holds Widener liable, then Widener will be more watchful against committing further disability rights violations. This would help restore disability rights; whereas, on the other hand, if this Court holds for Widener, then that is observing such abuses. And by the Court not saying that it is wrong and that it should stop, then the Court gives tacit approval for it to continue, and even expand, thus, becoming part of the silent majority that makes such deeds acceptable.

Widener had deliberate indifference toward violating Lucey's disability rights. To qualify as deliberate indifference the defendant must have had (1) actual "knowledge that a federally protected right is substantially likely to be violated.., and (2) fail[ed] to act despite that knowledge." Id. The court emphasized that deliberate indifference must involve a "deliberate choice," to be indifferent to the federal rights violations, beyond mere negligence or inaction. Id.

In this case, both elements are met. First, knowledge of a substantial likelihood for federal rights violations is met. On March 27, 2025 I informed Widener's Disability Dep't of my disability

Lucey ADA Discrimination and Retaliation Complaint against Widener University

needs for a reasonable accommodation. Widener's Disability Dep't knew that my federal disability

rights require me to receive a "two-week extension" for extra time to complete my work. Exh. F. at 2.

My doctor's letter explained in plain english that I need the extension due to my physical limitation,

which impacts my time to complete my work. Exh. B. On March 26, "I reiterate[d] the ADA [] does not

mandate [the extra ICD-10 diagnosis and etc that Widener] requested. Please do not confuse and

commingle ADA law and Widener policy because they are not one and the same. ADA law does not

require that I submit to [Widener] a functional assessment exam either in writing or in person...[nor]

that I hand over my HIPAA-protected data. I met the threshold on my side." Exh. F. at 4. Therefore,

Widener's Disability Dep't had actual knowledge—denying my accommodation due to Widener's

discriminatory criteria imposed of requiring an ICD-10 diagnosis—is substantially likely to violate my

federal disability rights.

Then, on April 9, I informed Widener's Vice Provost Nicosia of my disability needs for a

reasonable accommodation. In my accommodation appeal to VP Nicosia, I informed him that his

failure to accommodate constitutes "an indifference to my disabiltiy and individual needs." Exh. E. at 2.

He replied that he indeed reviewed, and, therefore, had actual knowledge of, (a) my doctor's letter, (b)

Widener's Disability Dep't notes, (c) Widener's letter denying my accommodation, and (d) my appeal.

Exh. E. at 1. Because I informed Widener VP Nicosia, and he actually indeed read my disability needs

and requests, it follows that he had actual knowledge  that failing to grant my accommodation is

substantially likly to result in violating my federal disability rights.

Secondly, Widener's Disability Dep't Ross and VP Nicosia each deliberately chose to fail to act.

On April 2, 2025 Widener's Disability Dep't deliberately denied my disability reasonable

accommodation because she deemed that it was "not able to [be] approve[d]." Exh. D. at 1. In addition,

Lucey ADA Discrimination and Retaliation Complaint against Widener University

on April 11, 2025 VP Nicosia deliberately denied my disability accommodation. He wrote, "I reviewed your appeal.. [for Widener's] decision [] den[ying] a two-week extension for your assignment.. your appeal is denied." Exh. E. at 1.

Widener VP Nicosia did an additional disregarding of a strong likelihood that my federal rights would be violated. On April 11, Widener Vice Provost Mark Nicosia sustained the breach of confidentiality in Professor Randall Brandes grading my assignments. That serves as vice provost Nicosia's failure to act in deliberate indifference. Professor brandes knew it was my paper through the previous submissions. The confidentiality was removed. Widener knew there was a substantial liklihood that revoking the confidentiality and allowing it stay removed would result in the adverse grade because it already happened with the 1 point retaliation from Professor Brandes, of which Widener was informed.

Because Widener's Disability Dep't and VP disregarded the strong likelihood that its refusal to accommodate would result in violating my federally protected disability rights; This Court should grant me compensatory damages in order to deter Widener from future violations.

### III. Widener's discrimination resulted in screening me out from fully and equally enjoying the school services.

Here, the impact of the denied accommodations is more than a matter of inconvenience and frustration; it can derail my academic career. I face loss of "delayed graduation," and my GPA is lower because Widener refused to give me the time I needed. Attending the class required a significant amount of time and financial resources. I took out significant loans to pursue my goal of becoming an attorney, so upon being denied legally required accommodations, and then faced with discriminatory impacts and retaliation for asking to exercise my disability rights, this was devastating and had

Lucey ADA Discrimination and Retaliation Complaint against Widener University
repercussions of causing me to drop a class that I had almost completed and had an A in. This impaired
my current and future quality of life. It placed potential earning power and career path opportunities in
jeopardy. I was penalized for academic issues stemming from an un-accommodated disability. I now
face extra costs in career and financial fallout from delayed graduation. I now need to sue to ensure my
rights are protected.

### IV. Widener Retaliated Against Lucey

42 U.S.C. § 12203, explicitly states that no person shall discriminate against any individual for
such protected activities. It is construed that the anti-retaliation provisions apply broadly, including to
educational institutions, as long as the individual engages in protected activity under the statute.

I was discriminated against for my protected activities. On March 24, I had an 8am meeting
with Defendant Widener's the Adjunct Professor Randall Brandes. This meeting was to discuss my
suddenly failing grade stemming from the un-accommodated disability. Lucey maintained perfect
grades being a 4.0 GPA throughout high school, college, and graduate school. Widener was dragging its
feet and delaying by waiting 1 month to receive the failing grade back, and then delayed 1 week before
talking about the grade. At 12:27pm I emailed Professor Randall Brandes informing him that I am
physically disabled, and my request for a reasonable accommodation. To my surprise, at 4:03pm that
same day Professor Brandes emailed me that he changed his mind and revoking this previous decision
whereby he was going to give me 1 point back. This was retaliation and it would serve to deter a
reasonable disabled individual from asking for accommodations. If I had known the professor was
going to take points out of my grade after I asked for a reasonable accommodation, then that surely
would have dissuaded me from asking. I was then continually penalized, on June 4 and June 12, for

Lucey ADA Discrimination and Retaliation Complaint against Widener University

academic issues stemming from my un-accommodated disability. I now face extra costs in career and

financial fallout from delayed graduation.

### Conclusion

This Court should hold that Widener's having received federal funding and then discriminating

against Lucey, because of her disability, is a violation of Title III of the ADA and the Rehabilitation

Act. Widener discriminated by denying Lucey's reasonable accommodation and by imposing

discriminatory eligibility criteria as a pre-requisite for receiving disability accommodations. Requiring

disabled individuals to provide an ICD-10 diagnosis in order to get an accommodation is tantamount to

an "obviousness" test of the disability, which is known to be discriminatory. Overall, Widener

disregarded the strong likelihood that its discriminatory actions would result in violating Lucey's

federally protected disability rights. Therefore, this Court should grant Lucey compensatory damages in

order to deter Widener from future violations.

For the reasons set forth above, Plaintif Madison Rose Lucey respectfully requests the Court

grant summary judgment and the relief being:

(1) Widener to change its policy, so that it fairly and justly provides disabled individuals with

the needed accommodations that they ask for.

(2) I would like a sincere apology letter from Widener University Commonwealth Law School

on letterhead for having denied me my reasonable ADA accommodation when it ought to have been

provided.

(3) Education and training for the social work staff and professors on how to recognize and

provide an ADA accommodation fairly.

Lucey ADA Discrimination and Retaliation Complaint against Widener University

(4) Judgment for Plaintiff in the amount of $500,000.00 compensatory damages.

## **Cert. of Compliance.**

I hereby certify that this Complaint complies with the truthful pleading requirements set forth in Fed. R. Civ. P. 11, because the entire Complaint has valid factual and legal contentions. Furthermore, this Complaint complies with local rule Local Rule 7.8(b)(2), as it does not exceed 5,000 words.

Thank you in advance for your anticipated cooperation and assistance with this very important legal matter.

Writing is done in earnest,

DATED: September 12, 2025

*Madison Rose Lucey MS*

Madison Rose Lucey, MS
244 Sunrise Drive
Milford, PA 18337
(570) 982-7180
madisonchaitlucey@proton.me
(Without Prejudice, Pro-Se)