## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MADISON ROSE LUCEY, | |
| Plaintiff, | CIVIL NO. 3:25-CV-01707 |
| v. | |
| WIDENER UNIVERSITY COMMONWEALTH LAW SCHOOL, | (LATELLA, M.J.) |
| Defendant. | |

## <u>MEMORANDUM OPINION</u>

Plaintiff filed a document entitled "Request to Repeal the Unlawful, Ex Parte, Backroom Deal/Favor that Resulted in the Removal of My Judge, Judge Schwab," on October 16, 2025. (Doc. 19). We will construe this as a motion to recuse. For the reasons stated herein, the Motion will be denied.

### I.      Procedural Background

Plaintiff, Madison Rose Lucey (hereinafter "Plaintiff" or "Ms. Lucey"), initiated this matter on September 12, 2025, by the filing of a Complaint against Defendant Widener University Commonwealth Law

School.  (Doc. 1).  On that same date, a docket annotation indicates that this matter was assigned to the undersigned magistrate judge. Defendant filed a Motion to Dismiss on September 25, 2025.  (Doc. 11). Plaintiff filed a "Motion to Strike Three of Defendant Widener's Prejudicial Pleadings" on October 3, 2025.  (Doc. 14).  On that same date, she filed a "Reply Brief" to Defendant's Motion to Dismiss, arguing that the Court should grant summary judgment in her favor.  (Doc. 15).  On October 14, 2025, Defendant filed a "Response to Plaintiff's Motion to Strike Three of Defendant Widener's Special Prejudicial Pleadings" on October 14, 2025 (Doc. 17), and a Response to Plaintiff's Motion for Summary Judgment (Doc. 18).  On October 16, 2025, Plaintiff filed an Amended Complaint (Doc. 20) and a "Request to Repeal the Unlawful, Ex Parte, Backroom Deal/Favor that Resulted in the Removal of My Judge, Judge Schwab" (Doc. 19).

We will construe her "Request to Repeal the Unlawful, Ex Parte, Backroom Deal/Favor that Resulted in the Removal of My Judge, Judge Schwab" as a motion to recuse.

## II.    Legal Standard

The standard for disqualification is set forth in 28 U.S.C. § 455, which provides in pertinent part as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>> (1) Where he has a personal bias or prejudice concerning a party....

*See also Conklin v. Warrington Township*, 476 F. Supp. 2d 458, 463 (M.D. Pa. 2007).

Pursuant to Section 455, the court must consider whether its rulings and statements objectively produce the appearance of bias against [the plaintiff].   As explained by the Supreme Court, these provisions "require ... 'bias and prejudice' ... to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

This objective standard requires recusal when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987) (citing *United States v. Dalfonso*, 707 F.2d 757, 760 (3d Cir.1983)); *see also In re Antar*, 71 F.3d 97, 101 (3d Cir. 1995). If the record presents a close question, the court must resolve the issue in favor of disqualification. *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995). However, a "judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Conklin v. Warrington Tp.*, 476 F. Supp. 2d 458, 463 (M.D. Pa. 2007) (citing *Bryce v. Episcopal Church in the Diocese of Colorado,* 289 F.3d 648, 659 (10th Cir. 2002) (quoting *Nichols v. Alley,* 71 F.3d 347, 351 (M.D. Pa. 1995); *Cooney v. Booth,* 262 F. Supp. 2d 494, 508 (E.D. Pa. 2003); *see also United States v. Snyder,* 235 F.3d 42, 46 n. 1 (1st Cir. 2000); *Curley v. St. John's University,* 7 F.Supp.2d 359, 362 (S.D.N.Y. 1998)).

## III.  Discussion

Plaintiff alleges that an "ex parte communication (that [she] has a constitutional right to be present for) took part without [her], or [her]

- 4 -

consent, or knowledge." (Doc. 19 at 2). She states that she "knows this to be true because female sympathetic supporter Judge Susan E. Schwab was removed from [her] case without [her] involvement, notification, or being privy to the communication's substance, as ought to have happened." (*Id.*). She alleges that this constituted a "breach of judicial conduct," which "harmed [her] and caused unfair bias." (*Id.*). Plaintiff suggests that her case was reassigned as the result of a "backroom deal" and that she is the "victim of some form of skullduggery." (*Id.* at 2-3).

We can assure Plaintiff that the assignment of her case was not the result of any so-called "backroom deal" or "skullduggery." Based upon the docket, it is not apparent to the undersigned that this matter was ever assigned to Magistrate Judge Schwab. Rather, it appears as though it was assigned through the Court's random assignment procedure to the undersigned magistrate judge. We are cognizant of a separate action filed by Plaintiff, *Lucey v. Pennsylvania Public Utility Commission, et al.*, No. 1:25-cv-01451 (M.D. Pa.), which is assigned to Judge Jennifer P. Wilson, who referred the matter to Magistrate Judge Schwab for pretrial management. Magistrate Judge Schwab is unable to preside over the

instant matter as Widener is on her conflict list for reasons apparent based upon her biography available on the District Court's website.

The random assignment of this matter to the undersigned magistrate judge is insufficient to warrant disqualification pursuant to 28 U.S.C. § 455. Objectively, there is no appearance of prejudice or bias which would cause a "reasonable man knowing all the circumstances [to] harbor doubts concerning the judge's impartiality."[1] *See Liteky v. United States*, 510 U.S. at 548; *Edelstein v. Wilentz*, 812 F.2d at 131. Accordingly, Ms. Lucey's Motion to Recuse will be denied.

As a final matter, we acknowledge Plaintiff's request that her Motion to Recuse, (Doc. 19), be forwarded to Chief Judge Matthew W. Brann. (Doc. 19 at 1). We will be sure to honor that request.

---

[1] Further, to the extent Ms. Lucey suggests that my prior experience as a federal public defender renders me biased and warrants disqualification (*see* Doc. 19 at 3), our Circuit has held that a judge's prior position "could not reasonably be deemed a basis to question [his] ability to rule impartially" in a case. *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987); *see also Lease v. Fishel*, 712 F. Supp. 2d 359, 374 (M.D. Pa. 2010) ("where a recusal request . . . is premised upon some prior government service by a judge . . . it is clear that the fact of that prior service, standing alone, does not provide grounds for recusal.").

## IV.    Conclusion

Accordingly, for the reasons set forth herein, Plaintiff's Motion to Recuse (Doc. 19) will denied.  An appropriate order follows.


**Dated: October 21, 2025**            **/s/ Leo A. Latella**
                                       **LEO A. LATELLA**
                                       **United States Magistrate Judge**